2007 UT App 403

**STATE of Utah, Plaintiff and Appellee,**

v.

**Shane L. MILLETT, Defendant and Appellant.**

No. 20070725–CA.

Court of Appeals of Utah.

Dec. 20, 2007.

Shelden R. Carter, Provo, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kris C. Leonard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before GREENWOOD, Associate P.J., BILLINGS, and DAVIS, JJ.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 This case is before the court on a sua sponte motion for summary dismissal on grounds that the notice of appeal was not timely filed after entry of the judgment being appealed. Based upon our review of the district court record, the judgment being appealed was not final and appealable because the third count of the information remained pending when Appellant Shane Millett filed his notice of appeal. We dismiss this appeal for lack of jurisdiction.

¶ 2 The information contained three counts: Count I–Sodomy on a Child, a first degree felony; Count 2–Aggravated Sexual Abuse of a Child, a first degree felony; and Count 3–Failure to Register as a Sex Offender, a class A misdemeanor. Millett was convicted of the two felony counts in a jury trial held in October 2006. The district court sentenced Millett on the two felony counts on July 30, 2007, and set the case for a further jury trial on the misdemeanor count. The district court signed the judgment and sentence on July 30, 2007, and the clerk filed it on the same date. The caption of the judgment indicated that sentencing took place on July 31, despite the signing of the judgment on July 30. That date was corrected by interlineation in the district court. Millett filed a notice of appeal on August 30, 2007, thirty-one days after the entry of the judgment entered on July 30, 2007.

¶ 3 The trial court's ruling on Millett's motion for new trial recites that the parties agreed that the two felony counts would be tried separately from the misdemeanor count. No order formally severing the counts for separate trials appears in the record. *See* Utah R.Crim. P. 9.5(1)(b) ("The offenses within the ... information may not be separated except by order of the court and for good cause shown."). The district court's docket indicates that a jury trial on the misdemeanor count of the information occurred in October 2007. If the July 30, 2007 judgment and sentence had been a final, appealable judgment, we would lack jurisdiction based upon Millett's failure to file a timely notice of appeal within thirty days. *See* Utah R.App. P. 4(a).

¶ 4 However, we lack jurisdiction because the July 30, 2007 judgment and sentence that

is the subject of this appeal was not a final judgment since the misdemeanor count of the information remained pending. Following Millett's subsequent conviction on the misdemeanor count, the district court sentenced Millett on all three counts on October 17, 2007. Accordingly, the time for appeal commenced, or will commence, upon entry of a signed judgment and sentence following the October 17, 2007 sentencing hearing.[1]

¶ 5 We dismiss the appeal for lack of jurisdiction because it was not taken from a final appealable judgment. After entry of a signed judgment containing the October 17, 2007 sentence, a new notice of appeal must be filed.

---

**1.** The district court docket does not reflect that Millett has filed a new notice of appeal, but reflects that he has sought an extension of the time for appeal.